**No. 67872.**—The Rubber Corp. of Calif. *v.* United States, protests 61/6364 and 61/11259 (Los Angeles).

FORD, Judge : The protests listed above, consolidated for the purpose of trial, contest the assessment of duty at 11½ per centum ad valorem under the provisions of paragraph 372 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, relative to merchandise described on the invoice as knee boot lasts, item No. WX11, covered by protest 61/6364; and the assessment of duty at 13¾ per centum ad valorem under the provisions of paragraph 353 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, for the merchandise described on the invoice as 4-buckle lasts, item No. WX-04, covered by protest 61/11259, the former being classified as parts of machines, not specially provided for, under said paragraph 372, as modified, *supra*, and the latter being classified as parts of articles having as an essential feature an electrical element or device under said paragraph 353, as modified, *supra*.

It is contended by plaintiff that said lasts are used in conjunction with a jack conveyor in the manufacture of rubber boots and 4-buckle overshoes and are, accordingly, entitled to entry free of duty under the provisions of paragraph 1643 of the Tariff Act of 1930, as amended, as parts of shoe machinery.

The pertinent portions of the statutes involved herein are as follows :

Paragraph 372 of the Tariff Act of 1930, as modified by T.D. 54108, *supra:*

Machines, finished or unfinished, not specially provided for :

\* \* \* \* \* \* \*

Other \* \* \* _____ 11½% ad val.

Parts, not specially provided for, wholly or in chief value    The rate for the
of metal or porcelain, or any article provided for in    article of which
any item 372 in this Part.    they are parts.

Paragraph 353 of the Tariff Act of 1930, as modified by T.D. 52739, *supra:*

Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens,

ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for:

| * | * | * | * | * | * | * |

Other * * * _____ 13¾% ad val.

| Parts, finished or unfinished, wholly or in chief value of metal, not specially provided for, of articles provided for in any item 353 of this Part (not including X-ray tubes or parts thereof) | The same rate of duty as the articles of which they are parts. |

Paragraph 1643 of the Tariff Act of 1930, as amended:

* * * shoe machinery, * * *; all the foregoing whether in whole or in part, including repair parts.

At the trial of this case, the testimony of one witness called on behalf of plaintiff was introduced as well as four exhibits, received as plaintiff's exhibits 1 through 4, consisting of photographs. The witness testified substantially as follows: That the boot last and 4-buckle overshoe last are used in conjunction with the jack conveyor, as depicted in plaintiff's exhibit 2-A; that a conveyor system is one which moves the work from one station to the next; that, as said conveyor moves from station to station, precut parts are placed on the last, which is attached by a pin to the jack conveyor; that, upon completion of the assembly, the last is taken from the conveyor, placed on a shoe rack, then, in turn, placed on a shoe cart, which is pushed by hand into a vulcanizing machine for vulcanization; that the conveyor is motivated by electricity for purposes of economy; that a variable speed motor is connected to a drive and that if you were to introduce any other source of power, you would have to change the driving mechanism of the conveyor; that, in utilizing the conveyor to manufacture other types of footwear, you would have to remove the particular pin holders, which are there to hold the boot last, and put on pin holders that are utilized to hold the other footwear.

Based upon the record in this case, counsel for defendant contends plaintiff has failed to establish that the jack conveyor is shoe machinery. Defendant also contends that there is a distinction between boots, shoes, and other footwear and, accordingly, machinery utilized for the manufacture of boots does not make said article shoe machinery.

Shoe machinery (including parts), under which plaintiff herein claims, is a use provision and, accordingly, it is incumbent upon plaintiff to establish the chief use of the jack conveyor system, since the lasts involved herein are contended to be parts thereof. Chief use requires evidence that said article is chiefly used by the users, as a whole, and not upon the individual use to which the article under consideration is used, in the manner claimed. In the instant case, it is a requisite that proof be adduced which would establish that the chief use of the jack conveyor is by shoe factories for manufacturing operations upon shoes.

The record herein amply establishes that the imported lasts are utilized in the assembling of boots and overshoes and that said lasts are attached to the jack conveyor. The record herein, however, is devoid of any evidence establishing the chief use of the jack conveyor as shoe machinery. The mere fact that a conveyor system is used in a shoe factory does not *per se* make said conveyor shoe machinery. In the recent case of *United States* v. *Hudson Shipping Co., Inc., Barre Footwear Co.*, 49 CCPA 92, C.A.D. 802, our appellate court had before it certain conveyor systems used in a shoe factory. The court held that a conveyor system, adaptable to many types of production line manufacture, installed in a shoe factory, does not become shoe machinery within the terms of said provision under paragraph 1643.

In the instant case, there is no question that the jack conveyor, of which the imported articles are claimed to be parts, is installed in a shoe factory. However, the record does not amply support the fact that the conveyor is chiefly used for the manufacture of shoes and is not a general purpose conveyor. Accordingly, plaintiff has failed to establish that the lasts involved herein, even if they be parts of the jack conveyor, are entitled to entry free of duty under the provisions of said paragraph 1643, *supra*.

In view of the foregoing, it is unnecessary to consider the second point of defendant herein that a distinction exists between boots, shoes, and other footwear. As indicated, *supra*, the merchandise covered by protest 61/6364 was assessed with duty under the provisions of paragraph 372, as modified, *supra;* while protest 61/11259 was classified under paragraph 353, as modified, *supra*. Defendant contends that the merchandise in both instances should have properly been classified under the provisions of paragraph 353, as modified, *supra*. The record herein establishes that the jack conveyor is driven by a variable speed electric motor to a drive. The witness, when asked what would be necessary to introduce any other source of power, gave the following answer:

You would have to change the driving mechanism of the conveyor.

From this evidence, it is difficult to ascertain whether any major overhaul would be required for this changeover. There is also no question that the jack conveyor is a machine which appears at this point to be electrically operated.

It is noted that counsel for defendant, in its brief, has, in effect, conceded that the classification of merchandise covered by protest 61/6364 under the provisions of paragraph 372, *supra*, is incorrect. Based upon this concession and the fact that the record, as made herein, fails to establish whether the jack conveyor, of which the lasts are claimed to be parts, does or does not have as an essential feature an electrical element or device, or is in contemplation of law, shoe machinery, plaintiff has failed to overcome the presumption of correctness attaching to the classification of merchandise covered by protest 61/11259 under paragraph 353, as modified, *supra*. The court, therefore, has no other alternative, on the record as made, than to overrule the protests without, however, affirming the classification of the merchandise, under paragraph 372, *supra*.

Judgment will be entered accordingly.